# Stiles *versus* Geesey.

1. A woman hitched her horse with a carriage to a tree on the road so that the carriage projected into the road.  A wagoner not being with his horses, his wagon struck the carriage, injured it and the horse; there was evidence of negligence in leaving the carriage where it was struck.  In a suit against the owner of the wagon, the court affirmed the following point of the plaintiff: "That Thomas Stiles cannot excuse the negligence of William Stiles by showing that the plaintiff's property was placed where it received the injury by want of ordinary care by Mrs. Geesey, if in the opinion of the jury such want is imputable to her, should the jury believe that William Stiles was chargeable with negligence in leaving his team and permitting it to go along the highway unattended.".  *Held* to be error, being, except as to the negligence of the defendant, a binding instruction.

2. For an injury resulting from mutual or concurring negligence, no action will lie, because there can be no apportionment of damages.

May 8th 1872.   Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *York county:* No. 34, May Term 1872.

This was an action of the case, brought to January Term 1869, by Jacob B. Geesey against Thomas Stiles, for injury by the negligence of the son of the defendant, by which the horse and carriage of the plaintiff were injured.

On the 16th of November 1868, the wife of the plaintiff, driving home in a light carriage of her husband's, stopped at a friend's house, hitched her horse to a tree in the road opposite the house and went into it.  Whilst she was there the plaintiff's son, William Stiles, was driving his team with a loaded wagon along the road,

and being some distance from it, the wheel of the wagon caught the wheel of the carriage; in the collision the horse was thrown, broke his leg and had to be killed shortly afterwards.

There was much evidence on both sides; the question being mainly whether there had been contributory negligence on the part of Mrs. Geesey.

The facts in the case are so fully set out in the opinion of the Supreme Court as to render it unnecessary to make a further statement of them.

The third point of the plaintiff, which was affirmed by the court below (Fisher, P. J.), is as follows:—

" That Thomas Stiles cannot excuse the negligence of William Stiles by showing that the plaintiff's property was placed where it received the injury by want of ordinary care by Mrs. Geesey, if in the opinion of the jury such want is imputable to her, should the jury believe that William Stiles was chargeable with negligence in leaving his team and permitting it to go along the highway unattended."

The verdict was for the plaintiff for $206.15.

The defendant removed the case to the Supreme Court and assigned a number of errors, one of which was the affirmance of the foregoing point.

*W. C. Chapman* and *I. L. Mayer*, for plaintiff in error, cited Shearman & Redfield on Negligence, sect. 33, 34; Murphy *v.* Deane, 101 Mass. 455.

*Cochran & Hay*, for defendant in error, cited Norristown *v.* Moyer, 17 P. F. Smith 353; Brown *v.* Lynn, 7 Casey 510; Shaw *v.* Reed, 9 W. & S. 72; Davies *v.* Mann, 10 M. & W. 546; Beach *v.* Parmeter, 11 Harris 196; Gray *v.* Scott, 16 P. F. Smith 345.

The opinion of the court was delivered, May 30th 1872, by

READ, J.—This was an action by Jacob Geesey against Thomas Stiles, to recover damages for an injury to his horse and wagon by the negligent driving by the defendant's son of his team and wagon along a public highway. The road was twenty feet wide, and the plaintiff's horse and wagon were hitched to a staple on a cherry tree on the side of the road in front of the house of Henry Myers. Mrs. Geesey who drove the wagon, went into the house after she had hitched it to the tree. William Stiles, who drove his father's team and wagon loaded with lime, was obliged in going down a hill to get off his saddle-horse to draw the rubbers on his wagon, and he walked down to Myers's barn and then loosened his rubbers again. From the barn towards the house the grade is ascending, and seeing Ephraim Strayer, one of the witnesses, on a wagon in Myers's barn-floor, unloading corn-fodder, he stopped a

[Stiles v. Geesey.]

moment to exchange a few words with him, his team moving on slowly at the time with the load up the hill, keeping the travelled track of the road till the front horse was just behind Mr. Geesey's spring wagon, standing unattended where it was left; at this point of time Stiles was behind his own wagon, but did not see the obstruction in the road in time to avoid a collision. The team and spring wagon got fastened together. The left hind wheel of Mrs. Geesey's wagon was caught between the rubber and hind wheel of Stiles's wagon. Stiles halloed "Whoa," and his horses stopped. The mare had her left front leg broken, and some days after had to be killed. The next day a number of the witnesses, who collected at the place of the accident, drove a stake in the road just where the left wheel of Stiles's wagon passed along. Both plaintiff and defendant were present. The stake was driven in to mark the track of the wagon, and that place was not disputed at the trial. It was one or two feet from the bank at the left-hand side of the road. Actual measurements showed that there was a space from that stake to the lower rut of the road of six and a half feet, and from that rut to the cherry tree a further space of eleven and a half feet; allowing six feet for the breadth of Stiles's wagon, there was a breadth of twelve feet of the road left for Mrs. Geesey's wagon and horse. Counting the breadth of Stiles's wagon to the right of the stake, and the two feet from the stake to the bank, it appears that Stiles's team occupied eight feet of the track of the road, and Mrs. Geesey's twelve feet. When the wagons caught Stiles halloed "Whoa," and the team stopped. The mark of the wheels of Mrs. Geesey's wagon on the ground, where it was dragged along by Stiles's wagon, after colliding, was about eight inches in length. Stiles's team would appear, therefore, to have stopped almost with the collision. The same witness testifies, that the track of his wagon is five feet six inches wide, and that the rubber beam stands six inches further out than the rim of the wheel. Two witnesses testify that the left hind wheel of the spring wagon was caught between the rubbers and the hind wheel of Stiles's wagon. As the hubs of the wheels of Stiles's wagon were inside the range of the rubber beam, and the left wheel of the spring wagon caught between the rubbers and wheel, it follows that it could have been so caught, only by the sudden backing of Mrs. Geesey's horse and wagon, while the hind wheels of Stiles's wagon were in the act of passing, and after the rubbers had passed the wheel.

We have taken in brief, the defendant's statement of his defence, which fairly raises the question of contributory negligence. "It is an incontestable principle that where the injury complained of is the product of mutual or concurring negligence, no action for damages will lie. The parties being mutually in fault there can be no apportionment of the damages. The law has no scales to

[Stiles *v.* Geesey.]

determine in such cases whose wrongdoing weighed most in the compound that occasioned the mischief:" per Woodward, J., 12 Harris 469.

"The question presented to the court or the jury is never one of comparative negligence, as between the parties; nor does very great negligence on the part of a defendant, so operate to strike a balance of negligence as to give a judgment to a plaintiff whose own negligence contributes in any degree to the injury:" Wilds *v.* Hudson River Railroad Co., 24 N. Y. 432.

The third error assigned is that the court erred in their charge to the jury on the plaintiff's third point, which was as follows: "That Thomas Stiles cannot excuse the negligence of William Stiles by showing that the plaintiff's property was placed where it received the injury, by want of ordinary care, by Mrs. Geesey, if in the opinion of the jury such want is imputable to her, should the jury believe William Stiles was chargeable with negligence, in leaving his team and permitting it to go along the highway unattended, which point the court affirmed, holding that although there was contributory negligence on the part of the plaintiff, he was entitled to recover from the defendant on account of his negligence. This was a binding instruction upon the jury, leaving nothing for them to inquire into practically, except the negligence of the defendant. In this the court committed a clear error, and the judgment must be reversed, and *venire de novo* awarded.